FILED
2024 Nov-04 PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# September 3, 2024 - Alabama Complaint



AlaFile E-Notice

25-CV-2024-900312.00

To: JONATHAN SCOTT HARBUCK
jharbuck@hkh.law

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

COMMAND INVESTIGATIONS, LLC V. THOMAS FOSSETT
25-CV-2024-900312.00

The following complaint was FILED on 9/3/2024 9:13:45 AM

Notice Date: 9/3/2024 9:13:45 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev. 9/18 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | ELECTRONICALLY FILED<br>9/3/2024 9:13 AM<br>25-CV-2024-900312.00<br>CIRCUIT COURT OF<br>CULLMAN COUNTY, ALABAMA<br>LISA MCSWAIN, CLERK<br>Date of Filing: 09/03/2024    Judge Code: |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA
COMMAND INVESTIGATIONS, LLC v. THOMAS FOSSETT

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other

**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER
R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** HAR103       9/3/2024 9:13:44 AM       /s/ JONATHAN SCOTT HARBUCK
                                Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO



ELECTRONICALLY FILED
9/3/2024 9:13 AM
25-CV-2024-900312.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

### IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| COMMAND INVESTIGATIONS, LLC,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No.: |
| ) | |
| THOMAS FOSSETT,  ) | |
| ) | |
| Defendant.  ) | |

### VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Command Investigations, LLC brings this action seeking Damages and Injunctive Relief related to Defendant's repeated and ongoing defamatory conduct and willful interference with its business relationships.

### Parties

1. Plaintiff Command Investigations, LLC ("Command") is a Florida Limited Liability Company that is licensed to do business in Alabama and doing business by agents in Cullman County, AL.

2. Defendant Thomas Fossett ("Fossett") is an individual residing at 812 Kiki Drive, Apartment B, Hanceville, Alabama 35077.

### Jurisdiction and Venue

3. This Court has personal jurisdiction over Defendant because Defendant is a resident of Cullman County.

4. Venue in this action is proper in Cullman, County, Alabama.

### Factual Background

5. Command is a top tier, nationally recognized investigations firm offering a comprehensive suite of services across the United States. Command specializes in providing

surveillance and remote surveillance, desktop intelligence investigations, and an array of other investigative services for the insurance defense community.

6. Abacus Research, Inc. ("Abacus") was an investigation firm founded in 1994 that specialized in providing insurance and corporate investigations to a variety of industries. It utilized a diverse team of industry leading investigators and management staff.

7. Abacus was founded by Paul Seguin ("Mr. Seguin") and Melinda Seguin ("Mrs. Seguin") (collectively the "Seguins").

A. **Command's Purchase of Abacus's Assets.**

8. To expand its offerings, Command and Abacus entered into negotiations for Command to acquire all of Abacus's assets in or around 2024.

9. The Asset Purchase Agreement ("APA") between Command and Abacus became effective on June 21, 2024.

10. As part of the APA, Command acquired all of Abacus's interest in Abacus's property, equipment, assets, and trade name. The APA specifically contemplated Abacus's conveyance of its customer base and goodwill to Command, as well as the Abacus name.

11. Under the terms of the APA, Mr. Seguin and Mrs. Seguin became Command employees after the APA became effective.

12. The Abacus brand and trade name became a "doing business as" name or trade name of Command as a result of the APA.

B. **Fossett's False Posts and Defamatory Statements on Social Media.**

13. Shortly after execution of the APA, Fossett published multiple videos and commentaries on social media platforms, including YouTube, Facebook and Vimeo (the "Social Media Posts"), disparaging and defaming Abacus and Command.

14. The Social Media Posts accuse Mr. Seguin and Mrs. Seguin, and through them, Abacus and Command, of violating the law and stealing property.

15. The common theme amongst the Social Media Posts are that: (1) Command bought the Abacus name; (2) Mr. Seguin and Mrs. Seguin work for Command; and (3) Mr. Seguin and Mrs. Seguin stole Fossett's property.

16. Specifically, one video posted to YouTube (the "YouTube Video") has a caption that reads "Melinda Seguin caught on video stealing private property 07 10 2024." The video shows Mrs. Seguin and a police officer reclaiming property that belongs to Mrs. Seguin. The YouTube channel where the video is posted belongs to "Thomas Fossett."

17. Upon information and belief, Fossett has posted similar videos on the YouTube account.

18. Fossett has made similar posts on Facebook. The user "Ashlynn's-Dad Burgess-Fossett" posted on Facebook a screenshot of the YouTube Video below the caption "Paul and Melinda Seguin of Abacus Research, Employee's of Command Investigations caught stealing on home video camera. The details are shocking! They investigate Workers Compensations Insurance Fraud Cases."

19. Upon information and belief, Fossett runs the "Ashlynn's-Dad Burgess-Fossett" Facebook profile.

20. Each reference to Mr. Seguin and Mrs. Seguin note that they represent Abacus and/or otherwise now work for Command.

21. Neither Command, nor Abacus through Command, directed Mr. Seguin or Mrs. Seguin to recover property from Fossett's residence. Any actions taken by the Seguins were outside the scope of their employment.

3

22. Fossett's representations were knowingly false. Neither Mr. Seguin nor Mrs. Seguin stole any of Fossett's property.

23. The false statements in the Social Media Posts create a false and inflammatory association between the alleged actions of the Seguins (alleged to be criminal) and Abacus and Command, thus painting Abacus and Command in a false light and harming Command's reputation with the public and its customers.

24. Counsel for Command issued several cease-and-desist notices to Fossett, demanding the removal of the defamatory Social Media Posts.

25. Fossett refused to remove the Social Media Posts, and instead continues to publish, advertise, and expand his defamatory statements to this day.

C. **Fossett's Publication of a Defamatory Website and Transmission of Customer Letters.**

26. On August 21, 2024 and August 26, 2024, Fossett emailed dozens, if not hundreds, of Command and Abacus customers making false and defamatory statements about Command and Abacus (the "Customer Letters").

27. Fossett published in the Customer Letters that Mr. Seguin and Mrs. Seguin sold Abacus assets, including client contracts and contacts, to Command. Fossett also informed customers that Mr. Seguin and Mrs. Seguin now work for Command.

28. Fossett also stated that each of the customers emailed were "transferred" to Command through the APA.

29. Fossett published in the Customer Letters that "while employed by Command investigations," Mr. Seguin and Mrs. Seguin lied to police to gain access to Fossett's residence and stole Fossett's equipment on July 10, 2024.

30. Fossett further published that Mr. Seguin and Mrs. Seguin tried to "hide the

4

[allegedly stolen] asset in a U-Haul trailer."

31. Fossett further published in the Customer Letters that "[a]lmost $20,000 in private property was stolen" by Mr. Seguin and Mrs. Seguin during the July 10, 2024 visit.

32. All of these statements are knowingly false. Neither Mr. Seguin nor Mrs. Seguin stole any of Fossett's property.

33. In the Customer Letters, Fossett encouraged each customer to "do a thorough and exhaustive investigation of all cases you may have assigned to Paul Seguin, Melinda Seguin or Abacus Research."

34. The Customer Letters closed with a link to a website dedicated to defaming the Seguins and Command, Melinda-Seguin.com (the "Website").

35. Fosset has published multiple defamatory and false statements about Mr. Seguin, Mrs. Seguin, and Command on the Website.

36. Fossett posted videos and audio he recorded without the other participants' consent with false and defamatory descriptions captioning each video.

37. Such videos include a conversation with Command's Chief Operation Officer, Jason Chofooklun. Fossett recorded his conversation with Mr. Chofooklun, which occurred across state lines, without Mr. Chofooklun's consent.

38. Fossett also published emails exchanged with counsel for Command.

39. Fossett states that Mr. Seguin and Mrs. Seguin stole property worth "in excess of $6,000."

40. At the bottom of the page, Fossett published:

    a. Mr. Chofooklun's work email address;

    b. Multiple other email addresses for other Command employees;

5

    c.    The personal cell phone numbers, office number, and Command email addresses for Mr. Seguin and Mrs. Seguin; and

    d.    The private personal residence address of Mr. Seguin and Mrs. Seguin.

41. Fossett's attempts to discredit, tarnish, and harm the Command and Abacus trade names through his posts, Customer Letters, and the Website.

42. Command and/or Abacus have had numerous customers reach out to it to inquire about its business practices since receiving Fossett's Customer Letters.

43. Several customers have indicated to Command and/or Abacus that they will be withholding work from Command and Abacus in light of Fossett's publication.

44. On August 30, 2024, in response to a final cease and desist letter from Command, Fossett communicated to counsel for Command that he has approved and imminently intends to publish the Customer Letters to 2,000 more Command customers.

45. Fossett's false and defamatory Social Media Posts, Customer Letters, and Website have injured and continue to injure the business and contractual relationships between Command and Abacus and their customers.

46. Fossett's false and defamatory Social Media Posts, Customer Letters, and Website have injured and continue to injure Command and Abacus' reputation.

## COUNT I – DEFAMATION PER SE

47. Command incorporates the foregoing paragraphs as though fully restated herein.

48. Fossett published, in writing, statements that accuse employees of Command of committing crimes related to theft, deception, and fraud in the scope of their employment with Command.

49. Fossett's publications attempt to accuse Command of authoring or otherwise

sponsoring alleged misconduct by its employees.

50. Command's employees did not engage in any unlawful actions.

51. No Command employees stole or converted any of Fossett's property.

52. Even if the Seguins did take illegal action, such action was outside the scope of their employment and not at Command's direction.

53. Fossett's false publications, including specifically the false statements in the Customer Letters and his publications on the Website, have impugned Command's work in its industry and falsely suggested that Command has improperly serviced its clients.

54. Command has suffered, and continues to suffer, significant harm to its reputation and customer goodwill. Multiple customers have reached out asking for an explanation as to the Customer Letters and the false accusations contained therein. Several others have already indicated they will be withholding work from Command and Abacus based on Fossett's Customer Letters.

55. Command faces the real risk of losing business and contractual relationships due to Fossett's defamatory publications.

56. Command is entitled to an award of damages and injunctive relief.

## COUNT II – UNFAIR AND DECEPTIVE TRADE PRACTICE

57. Command incorporates by reference the allegations contained in the foregoing paragraphs as though fully restated herein.

58. Through his false and defamatory publications, Fossett engaged in an unfair and deceptive trade practice.

59. In particular, Fossett published false information, representing it as true, to dozens of Command customers through the Customer letters and the Website.

60. Fossett also accused Command of engaging in unethical or unlawful business

practices.

61. These communications crossed state lines and related to Command's business dealings with its customers.

62. These above and foregoing actions have caused actual injury to Command.

63. Command is fielding a litany of questions and requests for more information from its customers related to Fossett's actions. Several customers have already stated that they will be withholding work from Command and Abacus due to Fossett's Customer Letters.

64. Command is entitled to an award of damages and injunctive relief.

## COUNT III
## PETITION FOR TEMPRORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANEMNT INJUNCTION

65. Command incorporates by reference the allegations contained in the foregoing paragraphs as though fully restated herein.

66. Command is entitled to a temporary restraining order, preliminary injunction, and permanent injunction due to Fossett's defamatory conduct.

67. Command is likely to succeed on the merits of its defamation per se claim, as Fossett has impugned Command's business to its customers and falsely accused Command of authorizing or otherwise sponsoring alleged illegal conduct.

68. Without an injunction, Fossett will be able to leave the false and defamatory publications on the internet for anyone to access and to view.

69. Command faces irreparable harm in the absence of an injunction. Command's reputation in the market has already been significantly affected by the Social Media Posts, the Customer Letters, and the Website.

70. Command faces the potential of losing additional customers and business if an

injunction is not granted.

71. The irreparable harm Command faces will be mitigated through entry of a temporary restraining order and injunction requested herein.

72. An affidavit in support Command's Petition for a Temporary Restraining Order is attached hereto as <u>Exhibit A</u>.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court will enter a temporary restraining order in its favor, and after a hearing on the same, enter a preliminary injunction in its favor requiring Fossett to:

    a. Immediately take down the Website, Melinda-Seguina.com and shall not create another similar website or direct any other person to do so;

    b. Remove all Social Media Posts referencing Command Investigations, LLC or Abacus Research, Inc.;

    c. Remove all online videos referencing Command Investigations, LLC or Abacus Research, Inc.;

    d. Retract the Customer Letters via email to the recipients identifying it was sent in error and untrue;

    e. Refrain from publishing, or directing others to publish, statements about Command Investigations, LLC or Abacus Research, Inc. for the duration of this lawsuit; and

    f. Return all Abacus Research, Inc. property in his possession.

### Prayer for Relief

**WHEREFORE**, Plaintiff Command Investigations, LLC respectfully prays that this Court will enter a judgment in its favor for the following relief:

1. Enter a temporary restraining order, and after a hearing, a preliminary injunction

9

against Thomas Fossett as provided herein;

2. Enter a permanent injunction against Thomas Fossett as provided herein;

3. Award Compensatory damages to compensate Command Investigations, LLC for the harm it has suffered;

4. Award Punitive damages to Command Investigations, LLC for Fossett's egregious conduct;

5. Award Command Investigations, LLC its attorneys' fees incurred in bringing this lawsuit; and

6. Award all other relief deemed just and equitable under the circumstances.

## VERIFICATION

I affirm, under penalties for perjury, that the foregoing factual statements are true and accurate to the best of my knowledge.

Date:  09/02/24

10

Respectfully submitted,

/s/ Jonathan S. Harbuck
Jonathan S. Harbuck (HAR103)
Brandon A. Jackson (JAC118)

/s/ Alex J. Chaney
Alex J. Chaney (CHA113)

Attorneys for Plaintiff
Command Investigations, LLC

**OF COUNSEL:**
**HARBUCK KEITH HUNT & PALMER LLC**
3500 Blue Lake Drive, Suite 440
Birmingham, Alabama 35243
Telephone: 205.547.5540
Facsimile: 205.547.5621
E-mail: bjackson@hkh.law
         kkeith@hkh.law

**BERRY, BERRY, LITTLE, & CHANEY**
P.O. Box 1052
Cullman, Alabama 35056
Telephone: (256) 734-6330
Email: ajchaney@bblclawfirm.com

**SERVE DEFENDANT AS FOLLOWS:**

Thomas Fossett
812 Kiki Drive
Apartment B
Hanceville, Alabama 35077

11