FILED
2024 Nov-04 PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A3

# September 9, 2024

# North Carolina Complaint filed

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| IREDELL COUNTY | 24-CVS-_____ |

PAUL SEGUIN, MELINDA SEGUIN, and )
ABACUS RESEARCH, INC., )
a North Carolina corporation, )
)
Plaintiffs, )
) **COMPLAINT FOR LIBEL, SLANDER,**
vs. ) **VIOLATION OF NON-SOLICITATION**
) **AGREEMENT, INVASION OF**
THOMAS FOSSETT, KAREN FOSSETT, ) **PRIVACY, CONVERSION,**
CCS-LABS a/k/a COURT SURVEILLANCE ) **INTENTIONAL INFLICTION OF**
SOLUTIONS, a sole proprietorship, and ) **EMOTIONAL DISTRESS, NEGLIGENT**
SENTINEL-IG a/k/a SENTINEL ) **INFLICTION OF EMOTIONAL**
INVESTIGATIVE GROUP, a sole ) **DISTRESS, CIVIL RICO, UNFAIR AND**
proprietorship, and SENTINEL ) **DECEPTIVE TRADE PRACTICES, and**
INVESTIGATIVE GROUP, LLC, an ) **A PRELIMINARY AND PERMANENT**
administratively dissolved Florida limited ) **INJUNCTION**
liability company, )
)
Defendants. )

COME NOW the Plaintiffs, Paul Seguin, Melinda Seguin, and Abacus Research, Inc., a North Carolina corporation, by and through their undersigned counsel, and for their complaint against the Defendants, Thomas Fossett, Karen Fossett, Thomas Fossett d/b/a CSS-LABS a/k/a COURT SURVEILLANCE SOLUTIONS, and Thomas Fossett d/b/a SENTINEL-IG a/k/a SENTINEL INVESTIGATIVE GROUP, a sole proprietorship, and SENTINEL INVESTIGATIVE GROUP, LLC, state as follows:

**THE PARTIES**

1. Plaintiffs Paul Sequin ("Paul") and Melinda Seguin ("Melinda") (collectively the "Seguins") are residents of the State of South Carolina.

2. Plaintiff Abacus Research, Inc., is a corporation organized and existing under the laws of the State of North Carolina with its registered office and principal place of business located in Mooresville, Iredell County, North Carolina.

3. Defendant Thomas Fossett is an individual believed to be domiciled either in Cherokee County, Georgia or in Cullman County, Alabama.

4. Defendant Karen Fossett is an individual believed to be domiciled in Cherokee County, Georgia.

Page 1 of 19

5. Upon information and belief, Defendant CSS-LABS a/k/a COURT SURVEILLANCE SOLUTIONS is a sole proprietorship owned by Defendant Thomas Fossett.

6. Upon information and belief, Defendant SENTINEL-IG a/k/a SENTINEL INVESTIGATIVE GROUP is a sole proprietorship owned by Defendant Thomas Fossett.

7. Upon information and belief, Defendant SENTINEL INVESTIGATIVE GROUP, LLC, is an administratively dissolved Florida limited liability company owned by Defendant Thomas Fossett.

## JURISDICTION AND VENUE

8. This Court has both general and specific personal jurisdiction over Defendants pursuant to N.C.G.S. § 1.75.4, which extends jurisdiction to the full extent permissible under the Due Process Clause of the United States Constitution because this action arises out of Defendants' actions in North Carolina, because Defendants injured Plaintiffs, Plaintiff's reputation, and Plaintiff's business in North Carolina and because solicitation activities were carried on within North Carolina by or on behalf of Defendants at the time of the injury.

9. Defendants published their defamatory statements on blogs on a web platform and on the Website that was purposefully directed toward residents of North Carolina. In addition, by directing the blog post toward residents of North Carolina, Defendants repeatedly defamed Plaintiffs to North Carolina residents, such that Defendants should reasonably expect to defend their actions in North Carolina courts.

10. Acting in concert, the Defendants Thomas Fossett and Karen Fossett expressly aimed and purposefully aimed and directed their defamatory statements against, at, and to Plaintiffs Paul Seguin, Melinda Seguin, and Abacus Research, Inc., each of whom have substantial business contacts and relationships through North Carolina, and against Abacus, a company headquartered in North Carolina), such that the a significant portion of the injury would be felt by Plaintiffs in North Carolina.

11. Plaintiffs' damages and injuries proximately caused by Defendants, was primarily felt, experienced, and occurred, in the forum State of North Carolina, in which the principal place of business of Abacus is located.

12. Moreover, Defendants directed their defamatory publications to Plaintiff Abacus's client customer base the North Carolina market, among others, each of whom Defendants have continuous and systematic contractual contacts and business relations within the forum State of North Carolina, such that Defendants should anticipate being hailed into court in North Carolina.

13. Venue in Iredell County is proper pursuant to N.C.G.S. §1-82 because Plaintiff Abacus Research, Inc.'s registered office and principal place of business is in Iredell County, North Carolina and a substantial part of the damages were suffered by and felt by Plaintiffs in this venue and forum. Pursuant to N.C.G.S. § 7A-243 the superior court division is proper because the amount in controversy, exclusive of interests and costs exceeds Twenty-Five Thousand Dollars ($25,000.00).

### ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff Abacus Research, Inc. is a closely-held North Carolina corporation whose stock is owned solely by the Plaintiff Paul Seguin.

15. Prior to June 30, 2024, Defendant Thomas Fossett was employed as a salaried employee by the Plaintiff Abacus Research, Inc.

16. On or about June 20, 2024, Plaintiff Abacus sold substantially all its assets (the "Asset Sale") to an unrelated third-party (the "Acquirer").

17. As a result of and following the Asset Sale, the Plaintiffs Paul and Melinda Seguin accepted offers of employment from the Acquirer and began working for the Acquirer.

18. In connection with and as a result of the Asset sale, on or about June 30, 2024, Plaintiff Abacus terminated the employment of all remaining employees, including the Defendant Thomas Fossett.

19. Almost all of Plaintiff Abacus's employees, including the Defendant Fossett, were offered employment with the Acquirer.

20. The Defendant Fossett declined the Acquirer's offer of employment.

### COUNT ONE
### DEFAMATION-LIBEL and SLANDER

21. Shortly after declining the Acquirer's offer of employment, the Defendant Thomas Fossett began to send threatening and harassing emails to the Plaintiffs Paul and Melinda Seguin.

22. On July 13, 2024 at 10:25 a.m. EDT, the Defendant Thomas Fossett emailed the chief executive officer and chief operating officer of the Acquirer and, referring to Plaintiffs Paul and Melinda Seguin, wrote, "the video captures disturbing events: four adults [two of whom were Plaintiffs Paul and Melinda Seguin] intimidating me, stealing property from my porch, and even taking my developmentally disabled daughter's bicycle tire....The severity of these incidents...borders on terroristic behavior."

23. A true and correct copy of the email referenced in Paragraph No. 22 is attached hereto as **Exhibit 1**.

24. In the same email referenced in Paragraph No. 22, the Defendant Thomas Fossett threatened to publish the video on the internet unless certain financial demands of his were met.

25. Yet in a text exchange with the Plaintiffs Paul and Melinda Seguin contemporaneous with the time the Defendant Thomas Fossett made the video, the Defendant Thomas Fossett was cordially asking Paul if he, the Defendant Thomas Fossett, could borrow Paul's pressure washer to clean the Defendant Thomas Fossett's boat so the Defendant Thomas Fossett could sell it.

26. A true and correct copy of the text exchange referenced in Paragraph No. 25, in which the Defendant Thomas Fossett's texts are light grey and the Plaintiff Paul Seguin's texts are green, is attached as **Exhibit 2**.

27. Subsequently the Defendant Thomas Fossett posted a copy of the video on www.youtube.com ("YouTube") captioned "Paul & Melinda Seguin of Abacus Research, Employee's of Command Investigations caught stealing on home video camera. The details are shocking! They investigate Workers Compensation Insurance Fraud Cases."

28. The Defendant Thomas Fossett posted a separate video on YouTube captioned "melinda seguin caught on video stealing private property 07 10 24 1080p."

29. True and correct screenshots of these YouTube postings and captions are attached hereto as **Exhibit 3**.

30. Upon information and belief, the Defendant Thomas Fossett also attempted to post these two (2) YouTube videos to the Facebook page of a former customer of the Plaintiff Abacus.

31. Subsequently the Defendant Thomas Fossett posted *more* defamatory comments *on a public group message board with at 28,100 members*, this time stating:

> Paul & Melinda Seguin of Abacus Research, Employee's of Command Investigations caught stealing on home video camera. The details are shocking!
>
> They investigate Workers Compensations Insurance Fraud Cases
>
> While the previous video highlighted Melinda Sequin's theft of private property, in this video you will all see Paul Seguin walking onto private property, rummaging though the residents tool box and stealing an

electronic device, valued at $1,000. If you turn up the volume you can actually hear him say "OOH!" when he finds the device and realizes it's it value. Just like the sound a six year old makes when he finds his missing Hot Wheels car under the couch.

The device, stolen by Paul Seguin, was owned by a Sheriff's Department, Special Investigations Division in Florida. The resident owns a small business and his primary customers are law enforcement agencies. He was forced to report the theft to the head of the unit.

32. True and correct screenshots of the postings referenced in Paragraph No. 31 and captions are attached hereto as **Exhibit 4**.

33. Subsequently the Defendant Thomas Fossett created a domain name titled www.melinda-seguin.com (the "Website") and began posting defamatory comments on the Website accusing the Plaintiffs Paul and Melinda Seguin of engaging in fraudulent activities. Further down the homepage of the Website is the caption "ILLEGAL ACTIVITIES OF PAUL AND MELINDA SEGUIN. The Website goes on to accuse Melinda Seguin of lying to police officers and stealing property with an alleged value in excess of $6,000.00. The Website also had the caption "Video of Paul Seguin Stealing Electronic Equipment." Through the Website the Defendant Thomas Fossett accused the Plaintiffs Paul and Melinda Seguin of lying to officers of the Acquirer.

34. On August 21, 2024, at 7:39:11 a.m. EDT (the "August 21, 2024, Defamatory Email") the Defendant Karen Fossett emailed *hundreds* of those customers stating:

> **Subject: Notice of Potential Liability Concerns Related to Investigative Assignments**
>
> Dear Abacus Client,
>
> We have written this letter to alert you to a potential liability issue regarding all cases that you have assigned to Paul Seguin, Melinda Seguin or Abacus Research.
>
> In the past, The Seguin's, have worked many investigative cases in states they were not licensed in. There are a couple instances where they hired an unlicensed convicted felon to illegally investigate a case that was assigned to Abacus Research by an adjuster/company that is now at risk of being legally liable. The State Police of Arkansas and Tennessee have already been notified of the activity of Abacus Research. As well as multiple state P.I. Boards. There have also been allegations of investigators being coerced into testifying

Page 5 of 19

While it is unclear that any cases that your company may have assigned to the Seguin's or Abacus Research were conducted in such a manner, we believe that you should be made aware of the potential liability that you now may be subjected to.

Paul and Melinda Seguin have sold Abacus Research assets, including their client contracts and client contacts to Command Investigations. However, Paul and Melinda Seguin are now employees of Command Investigations. Command Investigations has been made aware of the situation, and as of today's date, they have decided to keep them on staff due to the purchase of Abacus Research Assets. Your agency/company, as a client of Paul and Melinda Seguin through Abacus Research, is one of those assets.

Most recently, while employed by Command Investigations, Paul and Melinda Seguin were caught on video, stealing a competitor's covert surveillance camera asset from a private residence, after lying to the police to gain access to private property. Additional video was obtained of them trying to hide the asset in a U-Haul trailer after removing the identification from the asset. On the video, the competitors name was omitted for privacy reasons. Almost $20,000 in private property was stolen. Only one covert surveillance camera was recovered.

Police reports are available in Horry County, South Carolina, Tennessee State Police, and Arkansas State Police.

We believe it would be beneficial to your agency to do a thorough and exhaustive investigation of all cases you may have assigned to Paul Seguin, Melinda Seguin or Abacus Research. We have no direct knowledge of any case assigned to Command Investigations, or the status of their licensure in any state.

Moving forward please beware of the potential liability you may fall victim to when assigning a case. Please do your own due diligence and protect yourself and your agency.

https://vimeo.com/990819694
https://vimeo.com/999382638
https://vimeo.com/990822752
https://vimeo.com/990822990

www.melinda-seguin.com

35. A true and correct copy of the August 21, 2024, Defamatory Email, with the email addresses of the customers redacted, is attached hereto as **Exhibit 5**[1].

36. On August 30, 2024, at 8:59:48 pm (the "August 30, 2024, Defamatory Email") the Defendant Karen Fossett, acting in concert with the Defendant Thomas Fossett, sent *yet another defamatory* email to hundreds of additional customers, stating:

> Dear Abacus Research Client,
>
> ***We have written this letter to alert you to a potential liability issue regarding all cases that you have assigned to Paul Seguin, Melinda Seguin or Abacus Research.***
>
> In the past, The Seguin's, have worked many investigative cases in states they were not licensed in. There are a couple instances where they hired an unlicensed convicted felon to illegally investigate a case that was assigned to Abacus Research by an adjuster/company that is now at risk of being legally liable. The State Police of Arkansas and Tennessee have already been notified of the activity of Abacus Research. As well as multiple state P.I. Boards. There have also been allegations of investigators being coerced into testifying.
>
> While it is unclear how many cases that your company may have assigned to the Seguin's or Abacus Research were conducted in such a manner, we believe that you should be made aware of the potential liability that you now may be subjected to. Please research these cases for GB:
>
> 23XXXX6WC-01 (MDS)
> 23XXXX1WC-01 (FC)
> 22XXXX9WC-01 (CS)
> 22XXXX7WC-02 (DDJ)
> 22XXXX0WC-01 (LDB)
> 22XXXX6WC-01 (YJ)*
>
> Paul and Melinda Seguin have sold Abacus Research assets, including their client contracts and client contacts to Command Investigations. However, Paul and Melinda Seguin are now employees of Command Investigations. Command Investigations has been made aware of the situation, and as of today's date, they have decided to keep them on staff due to the purchase of Abacus Research Assets. Your agency/company, as a client of Paul and Melinda Seguin through Abacus Research, is one of those assets.

---

[1] The email addresses of Plaintiff Abacus's customers have been redacted from Exhibit 5 in the interest of protecting the privacy of the customers concerned and because such information is considered confidential by Abacus. The customer email lists for Exhibit 5 are available for an *in camera* inspection by the Court.

> Most recently, while employed by Command Investigations, *Paul and Melinda Seguin were caught on video, stealing a competitor's covert surveillance camera asset from a private residence, after lying to the police to gain access to private property.* Additional video was obtained of them trying to hide the asset in a U-Haul trailer after removing the identification from the asset. On the video, the competitors name was omitted for privacy reasons. *Almost $20,000 in private property was stolen.* Only one covert surveillance camera was recovered.
> Police reports are available in Horry County, South Carolina, Tennessee State Police and Arkansas State Police.
>
> We believe it would be beneficial to your agency to do a thorough and exhaustive investigation of all cases you may have assigned to Paul Seguin, Melinda Seguin or Abacus Research. We have no direct knowledge of any case assigned to Command Investigations, or the status of their licensure in any state.
>
> Moving forward please beware of the potential liability you may fall victim to when assigning a case. Please do your own due diligence and protect yourself and your agency.
>
> https://vimeo.com/990819694
> https://vimeo.com/999382638
> https://vimeo.com/990822752
> https://vimeo.com/990822990
> www.melinda-seguin.com

37. A true and correct copy of the August 30, 2024, Defamatory Email, with the customer email addresses redacted, is attached hereto as **Exhibit 6**[2].

38. On or about August 31, 2024, the Defendants posted even more defamatory statements, this time on Facebook, stating:

> It has come to our attention that Command Investigations, allegedly acting on behalf of Paul and Melinda Seguin, have terminated Brian P. Davis, the Vice President of Operations for Abacus Research. This action is believed to be in response to Mr. Davis allegedly exposing fraudulent activities by Paul and Melinda Seguin during the sale of Abacus Research. Specifically, that the Seguin's misrepresented the assets of another company as their own, including intellectual property rights, products, methods, practices, and contacts belonging to a small father and daughter business. This

---

[2] As with Exhibit 5, the customer email addresses have been redacted from Exhibit 6 but are available for an *in camera* inspection by the Court.

Page 8 of 19

appears to have been an effort to falsely inflate the value of their company. If these allegations are accurate, the termination of Mr. Davis could be perceived as retaliatory. This situation serves as a cautionary tale for current and prospective employees of Command Investigations, a Family of Brands, and Abacus Research. Employees are advised to exercise caution and be aware of potential repercussions when reporting unethical or illegal activities. Additionally, the father and daughter are reportedly being threatened with defamation lawsuits for sharing security footage showing Command Investigations employees engaging in theft of their [sic] private property.
WWW.MELINDA-SEGUIN.COM
WWW.PAUL-SEGUIN.CO

39. A true and correct copy of the August 31, 2024, Facebook post referenced in Paragraph No. 39, is attached hereto as **Exhibit 7**.

40. The Defendants published these statements to the world posting on YouTube and Facebook, as well as numerous other publicly available internet sites.

41. A screenshot of the YouTube account homepage for @ashfossett1326, on which the Defendants posted six (6) separate YouTube videos ranging in length from thirty-four (34) seconds to forty-eight minutes and thirty-nine seconds (48:39) is attached hereto as **Exhibit 8**.

42. One of the videos on Exhibit 8 is labeled "Paul Theft" implying that the video depicts Mr. Seguin engaging in an act of theft.

43. Defendants, jointly and severally, repeatedly uttered base and defamatory words regarding Paul Seguin, which tended to prejudice the Plaintiff Paul Seguin in his reputation, trade, business, means of livelihood, and which attempted to hold Mr. Seguin up to disgrace ridicule, or contempt.

44. Plaintiffs are neither public figures nor are these matters of public concern.

45. Defendants have not acted under the auspices or protections of any privileges, qualified, absolute, or otherwise.

46. Defendants have negligently and intentionally libeled and slandered Plaintiffs numerous times including, but not limited to, the above published statements regarding Plaintiffs, all of which are completely false.

47. Defendants have published these false and defamatory statements with negligence, carelessness, wantonness, recklessness, and with a reckless disregard for the truth, such as would constitute a finding of actual malice.

48. For all intents and purposes under these allegations, the Defendant Thomas Fossett was acting with actual, and/or apparent authority for, or on behalf of, Defendant CSS-LABS and Defendant SENTINEL-IG.

49. These statements, and each of them, are patently and demonstrably false, and are actionable *per se.*

50. As a result of Defendants' multiple defamations of Plaintiffs, Plaintiffs are entitled to judgment against Defendants, jointly and severally, for an appropriate amount of actual, compensatory, general, special, presumed, and punitive damages, as well as an award of the injunctive relief described below.

## COUNT TWO
## VIOLATION OF NON-SOLICITATION AGREEMENT

51. Plaintiffs incorporate by reference and reallage the allegations contained in Paragraph Nos. 21 through 45 of this Complaint as though the same were set forth in this Count Two.

52. As a requirement of and in connection with commencement of the Defendant Thomas Fossett's employment with the Plaintiff Abacus, the Defendant Thomas Fossett signed a Non-Compete and Non-Solicitation Agreement (the "Non-Solicitation Agreement") with Plaintiff Abacus.

53. A true and correct copy of the Non-Solicitation Agreement is attached hereto as **Exhibit 9**.

54. Paragraph 4 of the Non-Solicitation Agreement provides:

    **Non-solicitation.** During the term of your employment, and for a period of one (1) year immediately thereafter, You agree not to solicit any employee or independent contractor of the Company on behalf of any other business enterprise, *nor shall you induce any employee or independent contractor associated with the Company to terminate or breach an employment, contractual or other relationship with the Company.* (Emphasis added).

55. Paragraph 5 of the Non-Solicitation Agreement provides:

    **Soliciting Customers After Termination of Agreement.** For a period of one (1) year following the termination of your employment and your relationship with the Company, *You shall not, directly or indirectly, disclose to any person, firm or corporation the names or addresses of any of the customers or clients of the Company or any other information pertaining to them.* (Emphasis added).

56. By sending the emails referenced in Paragraph Nos. 34 and 36 (attached as Exhibits 5 and 6 respectively) the Defendant violated the non-solicitation provision of Paragraph 4 of the Non-Solicitation Agreement.

57. By sending the emails referenced in Paragraph Nos. 34 and 36 (attached as Exhibits 5 and 6 respectively) the Defendant violated the non-solicitation provision of Paragraph 5 of the Non-Solicitation Agreement by disclosing the email addresses of hundreds of Abacus's customers to hundreds of other Abacus customers.

58. The Non-Solicitation Agreement was intended and was necessary to protect the legitimate and reasonable business interest of the Plaintiff Abacus Research, Inc.

59. The Plaintiff Abacus Research, Inc. took reasonable steps to protect the customer names, addresses, and email addresses from disclosure by, among other things, requiring employees to sign agreement similar in form and substance to the Non-Solicitation Agreement.

60. Defendant Thomas Fossett's actions in sending the emails referenced in Paragraph Nos. 34 and 36 is a direct and material breach of the Non-Solicitation Agreement.

61. The Plaintiff takes reasonable precautions and steps to maintain the confidentiality of customer contact information by, among other things, requiring employees to sign agreements substantially in form and effect to the Non-Solicitation Agreement.

62. As a result of the foregoing activities, the Defendant Thomas Fossett is in open and direct violation of his obligations under the Non-Solicitation Agreement.

63. Defendant Thomas Fossett's violations of the Non-Solicitation Agreement have caused and will continue to cause great and irreparable harm to the Plaintiffs.

64. The non-solicitation restrictions contained in the Non-Solicitation Agreement are reasonable in time, scope, and territory and are no broader than necessary to protect the Plaintiff Abacus Research's reasonable business interest.

65. By virtue of the conduct and activities described above, the Defendant Thomas Fossett has breached the Non-Solicitation Agreement.

66. As a direct and proximate result of the Defendant Thomas Fossett's breach of the Non-Solicitation Agreement the Plaintiffs have suffered actual damages including lost profits and revenues, and the Plaintiffs are entitled to recover the same of the Defendant Thomas Fossett.

67. All conditions precedent to the Plaintiffs' entitlement to recover damages for the Defendant Thomas Fossett's breach of the Non-Solicitation Agreement have occurred or

have been performed or have otherwise been waived or excused by the actions and conduct of the Defendant Thomas Fossett.

## COUNT THREE
## CONVERSION

68. From at least May 21, 2021, the Defendant Thomas Fossett was employed by Plaintiff Abacus Research, Inc.

69. Defendant Thomas Fossett was a salaried employee whose primary job duties were the assembly, maintenance, and repair of unmanned video surveillance units ("UVSUs").

70. During the course of his employment with Abacus, the Defendant Thomas Fossett ordered numerous parts from various vendors which were billed to and paid for by Abacus (the "Parts").

71. The Parts were shipped to a warehouse and assembly facility leased by Abacus and located at 2360 U.S. Highway 701 North, Loris, South Carolina (the "Warehouse").

72. The Parts were used to build, assemble, and repair the UVSUs.

73. The UVSUs are the property of Abacus or the Acquirer.

74. In the YouTube video captioned "Meeting with Jason Chofookhan June 25, 2024," which was recorded by the Defendants at and inside the Warehouse, many of the Parts may be seen in the background of the video.

75. In the YouTube video captioned "Director of Operations Abacus Research 240p" located at www.youtube.com/@ashfossett1326 at the 16:48 time mark, the Defendant Thomas Fossett admits that he is keeping and refusing to surrender the Parts until certain conditions are met.

76. Subsequent to the Defendant Thomas Fossett's termination of employment with Abacus, the Defendant Thomas Fossett removed all the Parts from the Warehouse, and, upon information and belief, transported the Parts across state lines to the State of Georgia, and possibly others, in an attempt to deprive the Plaintiff Abacus of its rightful possession and use of the Parts.

77. Some of the fully assembled UVSUs were equipped with GPS tracking devices.

78. On August 28, 2024, at 1:34:45 PM, Camera 1 8882249112 ("Camera 1") pinged at 214 Eagle Ridge Lane, Canton, Cherokee County, Georgia ("214 Eagle Ridge").

79. On September 1, 2024, at 1:24:26 PM Camera 5-7 8881857136 ("Camera 5-7") pinged at

890 Rosewood Lane, Monroe, Georgia ("890 Rosewood Lane").

80. A true and correct copy of the screenshot of the GPS web portal showing the location of Camera 1 at 214 Eagle Ridge and Camera 5-7 at 890 Rosewood Lane is attached as **Exhibit 10**.

81. Camera 1 and Camera 5-7 are the property of Plaintiff Abacus.

82. Upon information and belief, 214 Eagle Ridge and 890 Rosewood Lane are owned by persons associated with or related to the Defendants.

83. Defendants have converted the Parts and the UVSUs and have wrongfully interfered with Abacus's right of possession, use, and ownership of the Parts and the UVSUs by obtaining control of the Parts and UVSUs to the exclusion of ABACUS's rights.

84. Plaintiffs are entitled to recover and be restored to rightful possession of the Parts, UVSUs and other property converted by Defendants or recover the fair market value of such property at the time of Defendants' conversion of the same.

85. Plaintiffs have been harmed as a result of the Defendants' actions in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT FOUR
## UNJUST ENRICHMENT

86. The Plaintiffs incorporate by reference the allegations contained in Paragraph Nos. 68 through 85 of this Complaint and reallege the same as though fully set forth herein.

87. Defendants used and took advantage of their position of authority, trust and confidence with Abacus to obtain use or control over the Parts, the UVSUs, and other property for their personal benefit.

88. Defendants did not provide valuable consideration to the Plaintiffs in exchange for the Parts, UVSUs, or other property and were not entitled to retain the use, control, or possession of the Parts, UVSUs, and other property, or otherwise interfere with Abacus's rightful use, possession, and control of the Parts, the UVSUs, and the other property.

89. By retaining the use, possession and control of the Parts, the UVSUs, and the other property and transporting the same across state lines to secret such property, Defendants unjustly benefitted and enriched themselves at the expense of the Plaintiffs.

90. Plaintiffs have been harmed as a result of the Defendants' actions and Plaintiffs are entitled to recover the Parts, UVSUs, and other property from Defendants or the fair market value of the same at the time of conversion by Defendants.

91. Plaintiffs have been harmed as a result of the Defendants' unjust enrichment in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT FIVE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiffs Paul Seguin and Melinda Seguin hereby incorporate by this express reference the allegations contained in Paragraph Nos. 21 through 49 and reallege the same as though fully set forth herein.

93. The Website posted the Plaintiff Paul and Melinda Seguin's home address, with the caption:

> Contact Us
> Better yet, see us in person!
>
> We love our customers, please stop by at any time of the day or night! Waterfront location, pool, party barge patio boat, etc...
> Seguin's, Abacus Research, Command Investigations

94. Below the caption referenced in Paragraph No. 93 the Website also included a Google map showing the exact location of the Seguin's personal residence.

95. A true and correct copy of Website post referenced in Paragraph No. 93 is attached hereto as **Exhibit 11**

96. The Seguin's occupations include the surveillance of persons suspected of defrauding workers compensation and disability insurance carriers, observation of persons engaged in adultery, and other potential criminal acts, many of whom harbor ill-will towards the Seguins.

97. The above-described actions of the Defendants were done negligently and it was reasonably foreseeable that such conduct would cause the Plaintiffs Paul and Melinda Seguin severe emotional distress.

98. As a direct, proximate, and foreseeable result of the Defendants' acts and omissions as set forth in the preceding counts of this complaint, Plaintiffs Paul and Melinda have suffered severe emotional distress. By way of example, but not limitation, the Plaintiffs have been unable to eat or sleep properly and has been unable to work as they did before.

99. As a direct, proximate and foreseeable result of the acts and omissions of the Defendants, the Plaintiffs are entitled to recover compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00) from the Defendants, jointly and severally.

100. The Defendants' acts and omissions were willful, wanton, and in total disregard for the rights of the Plaintiffs and constituted gross negligence which entitles the Plaintiffs to recover punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00) from the Defendants, jointly and severally.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101. The allegations of Paragraphs 14 through 49 and 93 through 99 are incorporated herein by reference and realleged as though the same were fully set forth herein.

102. In the alternative, to Plaintiffs causes of action sounding in negligence, Plaintiffs allege that Defendants intentionally or recklessly acted to inflict severe emotional distress upon Plaintiffs.

103. That Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency.

104. That the Defendants' actions caused Plaintiffs Paul and Melinda Seguin emotional distress that was so severe that no reasonable person could be expected to endure it.

105. As a result of Defendants' multiple acts of outrage, Plaintiffs are entitled to judgment against Defendants for an appropriate amount of actual, compensatory, general, special, presumed, and punitive damages.

106. As a direct, proximate and foreseeable result of the acts and omissions of the Defendants, the Plaintiffs are entitled to recover compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00) from the Defendants, jointly and severally.

107. The Defendants' acts and omissions were willful, wanton, and in total disregard for the rights of the Plaintiffs and constituted gross negligence which entitles the Plaintiffs to recover punitive damages in excess of Ten Thousand Dollars ($10,000.00) from the Defendants, jointly and severally.

## COUNT SIX
## CIVIL RICO VIOLATIONS

108. The allegations of Paragraphs 14 through 49 and 93 through 99 are incorporated herein by reference and realleged as though the same were fully set forth herein.

109. Defendant Thomas Fossett accessed confidential information stored on Abacus's computer system to gain the email addresses of hundreds of Abacus's customers.

110. Upon information and belief, the Defendant Thomas Fossett provided and shared this confidential information with the Defendant Karen Fossett for the express purpose of emailing and posting defamatory comments regarding the Plaintiffs.

111. The Defendants were not authorized to access or use the customer information on the Plaintiff Abacus's computer system.

112. The Defendants' actions are a violation of 18 U.S.C. § 2701.

113. The Defendants' fraudulent representations were communicated through telephone, telephone lines, mail, and email, and were communicated for the purpose of furthering the Defendants' fraudulent scheme.

114. The Defendants' use of the telephone, telephone lines, mail, and email to communicate these fraudulent representations constitutes wire fraud under 18. U.S.C. § 1943.

115. The Defendants' pattern and practice of communicating fraudulent representations constitutes a "pattern of racketeering" as the phrase "pattern of racketeering" is used and defined in N.C.G.S. § 75D-4 et seq.

116. As a direct and proximate result of the Defendants' pattern and practice of racketeering activities, Plaintiffs have been damaged in an amount to be determined by the enlightened conscience of a jury.

117. Plaintiffs are entitled to recover from the Defendants, jointly and severally, treble damages and reasonable attorneys' fees pursuant to N.C.G.S. § 75D-8(c).

## COUNT SEVEN
## UNFAIR AND DECEPTIVE TRADE PRACTICES

118. The allegations of Paragraphs 14 through 49, 93 through 99, and 109 through 117 are incorporated herein by reference and realleged as though the same were fully set forth herein.

119. The Defendants' misrepresentations were made with knowledge of the falsity thereof or in reckless disregard of the truth thereof.

120. Prior to the Asset Sale Abacus had existing and continuing business relationships with these customers based on Abacus's reputation in the trade and industry in deciding to do business with Abacus.

121. The Defendants made misrepresentations for the purpose defaming the Plaintiffs, interfering with the Plaintiff Abacus's right use, possession, and enjoyment of its

personal property, and interfering and disrupting the Plaintiffs contractual and business relations with the Acquirer and with Plaintiffs' customer relationships, all for the purpose of damaging or destroying the Plaintiffs business and business expectations.

122. The acts and conduct on the part of the Defendants as alleged herein occurred in commerce, are, and constitute unfair and deceptive trade practices within the meaning and intent of N.C.G.S. § 75-1.1 et seq. entitling Plaintiffs to punitive or treble their actual damages as well as their reasonable attorneys' fees in accordance with the provisions of N.C.G.S. § 75-16.1 et seq.

## COUNT EIGHT
## TEMPORARY, REPLIMINARY, AND PERMANENT INJUNCTIVE RELIEF

123. The allegations of Paragraphs 14 through 49, 93 through 99, 102 through 105, and 109 through 117 are incorporated herein by reference and realleged as though the same were fully set forth herein.

124. As a result of the Defendants' conduct and actions and the Defendant Thomas Fossett's breached and threatened continued breach of the Non-Solicitation Agreement, the Plaintiffs have sustained and will continue to sustain irreparable injury and are entitled to injunctive relief.

125. The Plaintiffs do not have an adequate remedy at law and will continue to suffer irreparable harm unless the Defendant Thomas Fossett is enjoined from further violations of the Non-Solicitation Agreement and the Defendants, jointly and severally, are restrained and enjoined from the conduct and actions complained of in this complaint. By signing the Non-Solicitation Agreement the Defendant Thomas Fossett acknowledged that Plaintiff Abacus's remedy at law would be inadequate and that the Plaintiff Abacus therefore would be entitled to an injunction restraining any breach, in addition to any other remedy at law.

126. Defendants have stated they will continue, and it is believed by these Plaintiffs that Defendants will continue to engage in harassing and defamatory conduct, speech, and publications, including posting false and defamatory statements regarding the Plaintiffs in online and in social media.

127. Plaintiffs are entitled to temporary and permanent relief enjoining Defendants, from, among other things, harassing plaintiffs, defaming Plaintiffs, threatening Plaintiffs, interfering with Plaintiffs' business relations, and/or publishing untrue and malicious statements about Plaintiffs.

128. Through the allegations contained in this complaint, corroborated by the videos the Defendants posted on the internet and the emails the Defendants sent, Plaintiffs have shown a substantial likelihood of success on the merits of their claims against Defendants.

129. A balance of equities compels the conclusion that this Court should issue a temporary restraining order, as well as preliminary and permanent injunctive relief, to enjoin further violations of the Non-Solicitation Agreement by the Defendant Thomas Fossett and to enjoin the Defendants, jointly and severally, from the acts and conduct complained of in this complaint. Without injunctive relief, the Plaintiffs will suffer, and will continue to suffer, immediate and irreparable harms whereas the Defendants and the public have no competing, protectible interest.

130. An injunction will cause no undue burden on the Defendants, and the granting of an injunction will not cause any financial harm or loss to Defendants.

WHEREFORE, the Plaintiffs pray the court as follows:

1. That the Plaintiff have and recover actual damages in an amount in excess of $25,000 to be determined at trial;

2. That the Plaintiff have and recover punitive damages in an amount to be determined at trial, or, in the alternative and at Plaintiffs' election prior to submission to the finder of fact, treble damages;

3. Issue a preliminary and permanent injunction:

    a. requiring Defendants to take down all defamatory materials or personally identifiable information regarding the Plaintiffs, including, but not limited to the website www.melinda-seguin.com;

    b. prohibiting the Defendants from posting or otherwise disseminating additional defamatory materials concerning the Plaintiffs;

    c. requiring the Defendants to refrain from disposing of or otherwise secreting the Parts, the UVSUs, and other property of the Plaintiffs; and

    d. requiring the Defendants to cease using the Plaintiff Abacus's confidential information including, but not limited to, customer email addresses;

4. That the costs of this action, including reasonable attorneys' fees as allowed by law, be taxed against the Defendants;

5. That a jury trial be had on all issues so triable;

6.  That the Plaintiff have such other relief as the Court deems just and proper.

This the **9th** day of September, 2024.

_____
Scott K. Tippett
Counsel for Plaintiffs
NCSB# 22488

**OF COUNSEL:**
**OFFIT KURMAN, PA**
300 N. Greene St., Suite 200
Greensboro, NC 27401
(336) 232-0650
scott.tippett@offitkurman.com